{¶ 87} While concurring in the majority's disposition regarding Mr. Davis' second through fourth assignments of error, I respectfully dissent regarding its disposition of the first. I believe Mr. Davis' motion to suppress regarding his 2001 OVI conviction should have been granted. Consequently, I would vacate his felony conviction, and remand this matter to the trial court for resentencing as a misdemeanor.
 {¶ 88} I respectfully think the matter is not so much whether Mr. Davis was counseled or uncounseled on this prior case, as the use of a specially colored pen by the trial court is clearly insufficient pursuant to Brooke and Chiominto, but rather another *Page 25 
issue noted by the majority: a court speaks through its records. The fact that the record of this prior case does not contain his plea, a finding of guilt by the trial court, or sentence, should render it insufficient to support the penalty enhancement in this case. We cannot really know what occurred based on the record: I do not think the record should be supplemented, now, on these fundamental issues.
 {¶ 89} I concur in part and dissent in part. *Page 1